IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BURNICE JOE BIRDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0200 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS OR, ALTERNATIVELY,
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner BURNICE JOE BIRDO wherein he challenges the result of prison disciplinary proceeding Case No. 20040216572.  For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for federal habeas corpus relief should be DISMISSED or, alternatively, DENIED.

I.
STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the Criminal District Court Number 3 in Tarrant County, Texas.  On September 12, 1985, in *State v. Birdo*, No. 262127R, petitioner was convicted of the felony offense of forgery by passing a check, and was

sentenced to a term of imprisonment of eighty (80) years. Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary.

## II.
## DISCIPLINARY PROCEEDING

On March 22, 2004, a correctional social worker, Ms. Lair, filed an offense report at the Clements Unit in Amarillo, Texas, charging petitioner with masturbating in public. The report, however, was lost and a second report was filed on March 30, 2004 alleging the same misconduct.[1] On April 8, 2004, after a hearing, petitioner was found guilty of Sexual Misconduct, a Level 2, Code 20.0 offense, and was assessed a punishment which included forfeiture of five (5) days previously accrued good time credits.[2] Petitioner filed multiple Step 1 Offender Grievance Forms which were denied. Petitioner also filed multiple Step 2 Offender Grievance Forms which were also denied. Petitioner filed the instant federal habeas petition on July 30, 2004.[3]

## III.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to Disciplinary Case No. 20040216572 in the following respects:

1.   Petitioner was denied due process because:

  a.   petitioner demonstrated the disciplinary charge was false and was filed against petitioner in retaliation for his calling the charging

---

[1]The Offense Report indicated the social worker was making rounds and, while talking to petitioner, he began to masturbate. Petitioner was told to stop and advised that an "I-210 would be written."

[2]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[3]*See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

                employee a derogatory name;

    b.    there was insufficient evidence to support a finding of guilt on the charges;

    c.    the evidence did not support the offense report because petitioner was in a private cell, not a public area;

    d.    petitioner was denied the right to confront the charging employee person to person instead of via telephone, and denied the right to cross-examine the charging employee with two (2) specific questions;

    e.    petitioner was denied the right to call witnesses by having them present at the hearing instead of by witness statements;

    f.    petitioner received less than twenty-four hours advance notice of the disciplinary hearing;

    g.    petitioner was subjected to cruel and unusual punishment as a result of this disciplinary case;

    h.    TDCJ-CID violated its own rules by conducting an untimely investigation and holding an untimely hearing; and

    i.    petitioner wad denied a meaningful and fair appeal of his disciplinary conviction because of violations of TDCJ-CID rules.

2.    Petitioner's equal protection rights were violated because the punishment he received was more severe than that assessed white inmates charged with similar violations.

## IV.
## LEAVE TO FILE

On March 30, 1994, in Cause No. 2:92-CV-0313, this Court imposed a $25.00 sanction against petitioner and directed the Clerk to "not accept for filing any motions, petitions, or other matters submitted by [petitioner], whether accompanied by the prepayment of fees, costs, or other security, or by an application for leave to file or proceed <u>in forma pauperis</u>, until the sanction assessed above has been paid in full or unless leave is first obtained by [petitioner] from the

Magistrate Judge or from an Article III Judge." Such sanction and bar was affirmed by the United States Court of Appeals for the Fifth Circuit. Petitioner has never paid the sanction.

Despite this unfulfilled sanction and directive to the Clerk, petitioner submitted the instant petition to the Court, with a filing fee, without seeking leave to file the petition or referencing the need to obtain leave of Court to file the petition. The Clerk's office filed the instant petition of record and forwarded to the chambers of the undersigned. On February 17, 2005, the undersigned directed petitioner to show cause why his petition should not be dismissed for failure to obtain leave of Court to file the instant petition, setting forth any reasons why he did not first obtain leave or permission to file as the sanction had not been paid.

In his response filed March 7, 2005, petitioner argued he had "no valid obligation to seek Court permission" and was relieved of the requirement to seek leave because he paid the $5.00 filing fee in this case. Petitioner argued that by the Clerk's acceptance of his filing fee and the Clerk's filing of the petition, he "was misled to believe there was no need to seek leave of Court." Petitioner further argued the Court's March 30, 1994 Order did not require petitioner to seek permission "as a paying litigant," but instead required leave only if petitioner filed *in forma pauperis*. Petitioner further noted respondent had filed an answer and forwarded records to the Court, thus, there was no harm in allowing petitioner's case to proceed.

The sanction imposed by this Court has not been paid. Consequently, petitioner is barred from filing any motions, petitions, or other matters in this Court without first obtaining leave from the undersigned or from an Article III Judge. Leave has not been requested or granted, and is required despite the payment of the filing fee or the initial filing of the petition by the Clerk. Moreover, the undersigned finds a grant of leave is not appropriate in the case for the reasons set

forth below. Petitioner's habeas application should be dismissed.

## V.
## *DE MINIMIS* LOSS

Alternatively, the undersigned finds the instant habeas application should be denied. Petitioner has not shown the challenged forfeiture of five (5) days accumulated good conduct time was in violation of the United States Constitution. Specifically, the sanction imposed in petitioner's case is of insufficient length to give rise to a due process claim. Accordingly, petitioner is not entitled to federal habeas corpus relief.

There is no constitutional guarantee to assure credit for good conduct while in prison. *See Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Texas law provides that good time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See Tex. Gov't Code Ann.* § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex.Crim.App. 1995). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Because there is no protected liberty interest in parole, a Texas inmate can only establish a basis for federal habeas corpus relief if the good time credit sanction affects his eligibility for early release on mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000).

Petitioner appears to be eligible for mandatory supervision. The Fifth Circuit has recognized, however, that even if a Texas prisoner is eligible for mandatory supervision, he "does not necessarily have a constitutional expectancy of release on a particular date." *Malchi*, 211 F.3d at 958. Accordingly, the Fifth Circuit has acknowledged the possibility "that a de minimis delay of

a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally cognizable claim." *Id.*[4] The Fifth Circuit did not establish a bright line rule for when a delay in release or a loss of good time credits would be de minimis. The Fifth Circuit subsequently suggested, however, that the loss of thirty (30) days good time might be de minimis. *Richards v. Dretke*, 394 F.3d 291, 294 n. 5 (5th Cir. 2004) ("A 30-day delay of mandatory supervision release might be de minimis and therefore not give rise to a due process claim.").

Following this line of reasoning, district courts within the Fifth Circuit have concluded that, depending on the length of an inmate's sentence, a 30-day delay in release on mandatory supervision is de minimis and insufficient to implicate constitutional due process concerns. *See Teague v. Dretke*, 384 F.Supp. 2d 999, 1002-1003 (N.D.Tex. July 26, 2005) (for an inmate serving a 45-year sentence, the loss of 30 days of good conduct time is de minimis because it represents 0.18 % of his total sentence.); *White v. Dretke*, Civil No. H-05-0020 (S.D. Tex. June 28, 2005); *Carroll v. Dretke*, 2005 WL 2467698, *5 (S.D.Tex. Oct.6, 2005) ("the deprivation of thirty days of good-conduct credits from a prisoner serving a thirty-five year sentence seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns" as the loss of good-conduct credits equated to less than one-fourth of one percent of the petitioners' total sentence); *Martin v. Director, TDCJ-CID*, 2006 WL 981988, *3+ (E.D.Tex. Apr 11, 2006) (the loss of 30-days is arguably de minimis). Similarly, district courts have also found that disciplinary sanctions of as little as 1 or 2 days of good time credits pose only a de minimis delay in a prisoner's potential release, and do not give rise to a constitutional claim. *See Cartwright v. Dretke*, 2005 WL 2318703, *2 (N.D.Tex. Sept.20, 2005) (loss of 1 day of good time on an 8-year sentence); *Gallman*

---

[4] The court stated that six (6) months would be more than de minimis. *Id.*

*v. Dretke*, 2005 WL 2493273, *2 (N.D.Tex. Oct.7, 2005) (loss of 2 days of good time on a 40-year sentence); *Hay v. Dretke*, 2006 WL 696647 (S.D.Tex. Mar 16, 2006) (loss of 1 day of good time on a 5-year sentence).

Here, as petitioner is serving an 80-year prison sentence, the loss of five (5) days good time credits will pose, if anything, no more than a de minimis delay in his potential early release from prison on mandatory supervision. Finding the possible delay is de minimis under the circumstances, the undersigned concludes the procedural protections found in the Due Process Clause do not apply to the 5-day sanction imposed as the result of the disciplinary conviction at issue in this case. Absent a showing that the Due Process Clause applies, the petition fails to allege a constitutional violation and the petitioner is, therefore, not entitled to federal habeas corpus relief.

## VI.
## MERITS

Even if the loss of five (5) days good time was more than de minimis, petitioner has not demonstrated his constitutional due process rights in the disciplinary proceeding were violated. Consequently, this petition for a writ of habeas corpus should be denied.

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such

presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *Id.*, 418 U.S. at 539.

Petitioner alleges he was denied the procedural due process protections established by *Wolff* in two respects:  he received less than twenty-four hours advance notice of the hearing, and he was denied the opportunity to call witnesses.  Petitioner contends he did not receive notice of the hearing until 8:30 a.m. on the morning of the hearing.  The Disciplinary Report and Hearing Record, however, reflects petitioner was notified of the disciplinary charges on April 6, 2004 at 8:04 a.m., and that the hearing was conducted at 10:28 a.m. on April 8, 2004.  Petitioner does not contend this record is erroneous or that the signature on the record is not his.  The undersigned finds petitioner received more than twenty-four hours advanced written notice of the hearing.

The April 5, 2004 Service Investigation Work Sheet indicates petitioner was informed of his right to call witnesses and given the opportunity to do so, specifically requesting the staff working pod 12C on March 22, 2004 (Officers C. Burke and D. O'Gorman).  These witnesses, as well as witnesses Officer Sanchez, Officer Celaya and Officer Scales-Christian, provided testimony through written witness statements to the effect that they either did not recall the incident, had no information regarding the incident, or were not working that pod that day.  None of these witnesses provided petitioner with any exonerating evidence.  The record does not reflect petitioner requested any additional witnesses or was denied any request for additional witnesses.

Petitioner appears, however, to contest the hearing officer's decision to allow the witnesses to testify only by written statement, and not in person.  Officer Scales' statement indicated she did not recall any incident between petitioner and Ms. Lair.  Petitioner argues that if Officer Scales had

attended the hearing in person, he "could have made her recall [the] 3/22/04 alleged incident by asking her didn't she tell me that's not a nice thing to say (when I called Lair a fat pig) then Ms. Scales would have testified, "on 3/22/04 she was escorting Ms. Lair and was at my cell during entire incident and [petitioner] was fully dressed and did not masturbate at any time while her and Ms. Lair was on C pod where Birdo was living."

All of the witnesses petitioner requested were permitted to testify by written statement and did not provide any exonerating testimony. Petitioner does not have a constitutional right to present the live testimony of any witness or to choose the means of presenting testimony. Moreover, petitioner's allegation that Ms. Scales would have changed her testimony had she been present at the hearing is based on pure speculation. Petitioner is not entitled to federal habeas corpus relief for any constitutional procedural due process deficiencies with regard to requested witnesses.

Petitioner also claims he was denied due process in the disciplinary proceeding because he was not allowed to confront and cross-examine the charging officer. Specifically, petitioner alleges he was denied his constitutional right to confront his accuser in person at the hearing rather than via telephone. Petitioner also argues his constitutional right to cross-examine the accusing employee was violated because he was not allowed to ask Ms. Lair, "Did she write [the] masturbation report solely because Birdo called her [a] fat pig on 3/22/00?" and "Did she spit on Birdo for calling her a fat pig?" Petitioner contends he was prevented from presenting a viable defense to false charges and denied a meaningful opportunity to be heard when he was not allowed to ask these questions.

Petitioner's claim does not raise due process concerns because an inmate has no due process right to confront and cross-examine the witnesses providing evidence against him. *Wolff*, 418 U.S. at 566. Moreover, petitioner does not have a constitutional right to choose the means of presenting

testimony from a witness. Further, a petitioner does not have a constitutional right to ask any and all questions he wishes to ask of a witness. The hearing officer is obligated to maintain order in the hearing and has the discretion to refuse to allow inflammatory questions or questions which assume facts not in evidence. The questions petitioner claims would have provided a defense to the charges against him would not have necessarily elicited testimony to establish a defense. This claim is without merit and does not afford petitioner habeas corpus relief.

Petitioner also argues he was denied equal protection because TDCJ-CID discriminated against him on the basis of race by assessing a harsher punishment for his offense than that assessed for other similarly situated white offenders. Petitioner lists the names of other purported inmates and alleges they were charged with Level 2 offenses for masturbation and/or destroying state property and did not receive as harsh a punishment as petitioner. Petitioner has not demonstrated these other individuals were, in fact, similarly-situated in fact or circumstances. Nor has petitioner shown he was, in fact, treated differently than other similarly-situated parties. Further, if petitioner was, in fact, treated differently, he has not provided evidence that such different treatment was without a reasonable basis. In sum, petitioner has not provided any evidence that he was treated differently than other inmates on the basis of race, and his claim of a denial of equal protection is without merit.

Petitioner also contends the punishment assessed (the loss of 5 days good time, and 30 days recreation, commissary and cell restriction) violates the prohibition against cruel and unusual punishment. Petitioner notes he had not had a disciplinary case in over 15 months and had never had a masturbation report at this unit. The Hearing Report, however, noted petitioner had not had any offenses in the previous 180 days, and explained this was the reason for leniency in assessing

punishment. This ground for relief is wholly conclusory, unsupported by any facts alleged in the petition, and without any evidentiary support. "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.' " *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (*quoting United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Petitioner's claim of cruel and unusual punishment is without merit and should be denied.

Petitioner claims he was denied due process because he presented uncontradicted evidence that the disciplinary charge was filed against him in retaliation for calling Ms. Lair a "fat pig." Petitioner argues the evidence was thus insufficient to support the Hearing Officer's finding of guilt.

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Petitioner has failed to set forth any facts showing the disciplinary ruling against him was arbitrary and capricious. The undersigned further notes federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication. Petitioner has not argued there was no evidence to support the disciplinary ruling. Instead, he has argued simply

that the evidence against him was insufficient.

Petitioner notes he denied committing the offense and presented evidence, by way of his own testimony and a statement from an inmate Alderson, to substantiate his claim that Ms. Lair filed a false report in retaliation for the name calling. The witness statement from Alderson stated he heard petitioner and Ms. Lair arguing at petitioner's cell, heard petitioner call Ms. Lair a name and that Ms. Lair, stepping in front of Alderson's cell, replied with the comment, "Your big mouth just got you a case, so kiss your level goodbye." The witness avowed Ms. Lair never said petitioner was masturbating until she and "Mr. Grante" left the section. Petitioner contends this evidence was never contradicted and that no evidence was presented by Ms. Lair to prove she did not write a false report solely because petitioner called her a name. Petitioner thus concludes the evidence to support a finding of guilty was insufficient.

The hearing officer apparently found Ms. Lair's offense report, statements during the investigation of the incident,[5] and testimony at the hearing to be more credible[6] than the testimony of petitioner and the statement of inmate Alderson. The hearing officer was well within his discretion to make such a credibility determination, and found petitioner guilty based on the offense report. The evidence against petitioner was sufficient as the guilty finding has the support of "some evidence" and will not be disturbed.

Petitioner also argues the guilty finding cannot stand because Ms. Lair admitted the alleged incident took place in a private cell instead of out in public which contradicts the allegation of

---

[5]"Mr. Granat and I were at the cell to his left busy talking to an [inmate] and [inmate]Birdo #406367 was masturbating at his door in his cell. I told him to stop and I know [inmate] Birdo on sight and asked me to "let file take it?" on the case. He told me security lets me make it all the time. I know him by sight. I do not need his ID card to identify him."

[6]Summarized in the Hearing Work Sheet as, "I was making rounds with Mr. Granat at 59 cell, and [inmate]Birdo asked me a question. I went on to 61 cell and I saw [inmate] Birdo masturbating on me."

masturbating "in public" made in the offense report. A prison cell, the interior of which is visible to passers by, is sufficiently "public" for purposes of corresponding with the allegations made in the offense report.

Petitioner also argues he is entitled to federal habeas corpus relief because he was denied due process in that his disciplinary hearing and the investigation following the offense report was not timely. Petitioner notes the original offense report was written on March 22, 2004, but that the hearing "was not conducted until April 8, 2004, in violation of [the] 7 business days rule requirement, and without sufficient reason given for delay." Petitioner contends there is no evidence to show the original report was lost and had to be rewritten and, even if true, should not have taken more than one day to do so. Petitioner also contends the investigation was untimely because investigation was not completed until nine (9) days later, on March 31, 2004. Petitioner contends this was an unreasonable delay and there was "no documented reason" given for the delay "as mandated by policy."

Petitioner appears to be arguing he is entitled to relief because TDCJ-CID rules were not followed.[7] This claim is not cognizable on federal habeas corpus review.

Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal

---

[7] Petitioner does not identify what rules, policies or procedures were not followed. However, the *Disciplinary Rules and Procedures for Offenders* requires the disciplinary hearing be held within twenty (20) days after the offender is served with notice for offenders not held in pre-hearing detention. Section IV.C.1. For offenders placed in pre-hearing detention, the hearing is to be held within seventy-two (72) hours of the offender's placement in detention, whenever possible. If the hearing is not held within this time period, the reason therefor shall be set forth in the record of the hearing. Section II.B.1. Section I.C. requires that a Preliminary Investigation Report be started within twenty-four (24) hours of the time the violation is reported and completed without unreasonable delay, unless there are exceptional circumstances for delaying the investigation and that such exceptional circumstances that are reasons for delays shall be documented.

constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation).  Moreover, petitioner has not alleged how he was prejudiced by any failure of respondent to afford petitioner a timely hearing or investigation.  This ground should be denied.

Petitioner also argues he is entitled to federal habeas corpus relief because he was denied a meaningful and fair disciplinary appeal.  Petitioner maintains that on his Step 1 Grievance, the warden failed to review and address each of the seven (7) meritorious errors petitioner raised. Petitioner contends that had the warden reviewed and addressed each and every issue raised, procedural errors would have been discovered, resulting in his disciplinary case being overturned. Petitioner further argues the Step 2 grievance was not properly handled in violation of TDCJ-CID policy.

Again, any failure of prison officials to follow their own rules does not establish a federal constitutional violation.  These claims are not cognizable on federal habeas corpus review.

Petitioner has failed to present any grounds for relief which would show the disciplinary action taken against him was constitutionally infirm.  Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application should be DENIED.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner BURNICE JOE BIRDO be DISMISSED or, alternatively, DENIED.

VIII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of June 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).